Electronically Filed - Jefferson - August 04, 2026 - 11:09 AM

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, MISSOURI**
**TWENTY-THIRD JUDICIAL CIRCUIT**

| | | |
|---|---|---|
| **TERESA M. WOOD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.** |
| | ) | |
| **v.** | ) | **Division** |
| | ) | |
| **ROBERT E. KELLEHER; and** | ) | |
| **HEARN TRUCKING, LLC,** | ) | **<u>JURY TRIAL DEMANDED</u>** |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S PETITION FOR DAMAGES

Plaintiff Teresa M. Wood, by and through the undersigned counsel, and for her causes of action against Defendants Robert E. Kelleher and Hearn Trucking, LLC, states as follows:

## PARTIES

1. At all relevant times, Plaintiff Teresa M. Wood was an individual over the age of eighteen and a resident of Pevely, Jefferson County, Missouri.

2. Defendant Robert E. Kelleher is an individual over the age of eighteen who, upon information and belief, resides in Texas. The Missouri Uniform Crash Report identifies his address as 5900 County Road 277, Apartment 428, Melissa, Texas 75454.

Electronically Filed - Jefferson - August 04, 2026 - 11:09 AM

3. Defendant Hearn Trucking, LLC ("Hearn Trucking") is a Texas limited liability company engaged in interstate commercial motor-carrier operations. Missouri Uniform Crash Report No. 26-0347 identifies Hearn Trucking, USDOT No. 944902, as the motor carrier responsible for the commercial motor vehicle operated by Defendant Kelleher.

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over Defendant Kelleher pursuant to section 506.500, RSMo, because he operated a commercial motor vehicle in Missouri and committed the tortious acts alleged herein in Jefferson County, Missouri.

5. This Court has personal jurisdiction over Hearn Trucking pursuant to section 506.500, RSMo, because Hearn Trucking, directly or through its agents, transacted business in Missouri, operated or caused a commercial motor vehicle to be operated in Missouri, and committed or caused tortious acts in Missouri.

6. This Court has subject-matter jurisdiction because this action arises from tortious conduct and Plaintiff seeks damages in an amount exceeding $25,000.00, exclusive of interest and costs.

7. The collision and the first resulting injury to Plaintiff occurred in Herculaneum, Jefferson County, Missouri. Venue is therefore proper in this Court pursuant to section 508.010, RSMo.

8. Plaintiff demands trial by jury on all issues so triable.

Electronically Filed - Jefferson - August 04, 2026 - 11:09 AM

## COMMON ALLEGATIONS

9. On July 15, 2026, at approximately 1:30 p.m., Plaintiff was a properly restrained front-seat passenger in a 2001 Jeep Grand Cherokee operated by Jamie V. Wood northbound on Interstate 55 near the entrance ramp from McNutt Street in Herculaneum, Jefferson County, Missouri.

10. At the same time and place, Defendant Kelleher was operating a 2007 Peterbilt heavy-duty tractor pulling a 2006 Vanette trailer northbound on Interstate 55.

11. The tractor and trailer constituted a combination commercial motor vehicle with a gross vehicle weight rating greater than 26,000 pounds and were being used in interstate commercial transportation.

12. The roadway was dry, straight, and level, and the collision occurred during daylight and clear weather.

13. The Wood vehicle was lawfully traveling in the left northbound lane of Interstate 55.

14. Defendant Kelleher was traveling in a lane to the right of the Wood vehicle and believed that the roadway lanes were splitting near the McNutt Street entrance ramp.

15. Defendant Kelleher decided to move the tractor-trailer into the left-hand lane.

16. Before moving left, Defendant Kelleher failed to see the Wood vehicle in his mirrors and failed to ascertain that the lane change could be made safely.

17. Defendant Kelleher moved the tractor-trailer into the lane already occupied by the Wood vehicle.

Electronically Filed - Jefferson - August 04, 2026 - 11:09 AM

18. The tractor-trailer struck the Wood vehicle, forced it against the concrete median barrier, pinned it between the tractor-trailer and the barrier, and dragged it along the highway.

19. Defendant Kelleher did not immediately recognize that he had struck and was dragging the Wood vehicle and initially believed that he had merely blown a tire.

20. The investigating officer identified improper lane usage or lane change and failure to yield as contributing circumstances associated with the commercial vehicle.

21. The tractor-trailer sustained minor damage to its driver side, while the Wood vehicle sustained major and disabling damage throughout the vehicle and had to be towed from the scene.

22. Plaintiff requested emergency medical assistance and was transported by ambulance from the scene to Mercy Hospital Jefferson for evaluation and treatment.

23. As a direct and proximate result of the collision, Plaintiff sustained serious injuries to her back and left knee, including a left-knee sprain, together with an aggravation of her preexisting conditions and disability. The full nature and extent of Plaintiff's injuries remain under continuing medical evaluation and treatment.

24. The collision damaged and destroyed Plaintiff's wheelchair and related mobility equipment, depriving her of necessary personal property and its use and requiring repair or replacement.

25. Plaintiff was a passenger and did not operate, manage, maintain, or control either vehicle involved in the collision.

Electronically Filed - Jefferson - August 04, 2026 - 11:09 AM

## AGENCY, MOTOR-CARRIER, AND CONTROL ALLEGATIONS

26. The Missouri Uniform Crash Report identifies Hearn Trucking, USDOT No. 944902, as the motor carrier responsible for the tractor-trailer operated by Defendant Kelleher.

27. At the time of the collision, Defendant Kelleher was operating the tractor-trailer in furtherance of a commercial transportation undertaking for Hearn Trucking.

28. Hearn Trucking selected, hired, retained, qualified, trained, supervised, dispatched, compensated, monitored, and/or exercised the right to control Defendant Kelleher in connection with the trip during which Plaintiff was injured.

29. Hearn Trucking owned, leased, possessed, supplied, maintained, inspected, repaired, dispatched, managed, controlled, and/or exercised the right to control the tractor and trailer involved in the collision.

30. Hearn Trucking supplied or permitted the use of the interstate operating authority under which the tractor-trailer was operating at the time of the collision.

31. To the extent the tractor or trailer was leased to Hearn Trucking as the authorized motor carrier, the operative lease and applicable federal regulations placed responsibility for the equipment and its operation upon Hearn Trucking during the lease term.

32. The operative leases, driver qualification materials, employment and contractor agreements, dispatch records, bills of lading, trip documents, electronic logging data, settlement records, insurance filings, and corporate records identifying the

Electronically Filed - Jefferson - August 04, 2026 - 11:09 AM

precise relationship between Defendant Kelleher and Hearn Trucking are within Defendants' possession, custody, or control.

33. Plaintiff therefore pleads the employment, agency, statutory-employment, and authorized-carrier relationships between Defendant Kelleher and Hearn Trucking in the alternative.

34. At all relevant times, Defendant Kelleher was acting within the course and scope of his employment, agency, statutory employment, authorized-carrier relationship, and/or commercial mission for Hearn Trucking.

35. Hearn Trucking is liable for the acts and omissions of Defendant Kelleher to the extent established by the alternative relationships alleged herein.

## PLAINTIFF'S INJURIES AND DAMAGES

36. As a direct and proximate result of Defendants' conduct, Plaintiff has endured and will continue to endure physical pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

37. As a direct and proximate result of Defendants' conduct, Plaintiff has sustained physical impairment and disability, including an aggravation of her preexisting conditions and disability.

38. Plaintiff has incurred and will continue to incur reasonable and necessary medical, hospital, diagnostic, rehabilitative, pharmaceutical, and related healthcare expenses.

39. Plaintiff has sustained damage to and destruction of her wheelchair and related mobility equipment, together with replacement expense and loss of use.

Electronically Filed - Jefferson - August 04, 2026 - 11:09 AM

40. Plaintiff's damages include past and future medical expenses, past and future physical pain and suffering, past and future mental anguish and emotional distress, past and future physical impairment and disability, aggravation of preexisting conditions, loss of enjoyment of life, property damage, and loss of use.

41. Plaintiff's damages are fair and reasonable in an amount exceeding $25,000.00.

## COUNT I: NEGLIGENCE AGAINST DEFENDANT KELLEHER AND VICARIOUS LIABILITY AGAINST DEFENDANT HEARN TRUCKING

Plaintiff incorporates by reference paragraphs 1 through 41 as though fully set forth herein.

42. In operating a motor vehicle on the roadways of the State of Missouri, Defendant Kelleher owed Plaintiff a duty to exercise the highest degree of care, including the duties imposed by sections 304.012 and 304.015.5(1), RSMo.

43. Defendant Kelleher breached those duties and was negligent in one or more of the following respects:

a) Failing to keep a careful and proper lookout and to see the Wood vehicle lawfully occupying the adjacent lane;

b) Failing to make reasonable and effective use of the tractor-trailer's mirrors and visibility systems;

c) Moving into an occupied lane without first ascertaining that the movement could be made safely and without yielding the right-of-way;

Electronically Filed - Jefferson - August 04, 2026 - 11:09 AM

d) Failing to maintain the tractor-trailer within a single lane and under proper control, and failing to steer, brake, slow, stop, or take evasive action;

e) Failing to timely recognize that the tractor-trailer had struck, pinned, and was dragging another vehicle; and

f) Operating the tractor-trailer in a careless and imprudent manner and in other respects shown by the evidence.

44. Defendant Kelleher's negligence directly and proximately caused the collision and Plaintiff's injuries and damages.

45. Hearn Trucking is vicariously liable for Defendant Kelleher's negligent acts and omissions because, at the time of the collision, he was acting as its employee, agent, statutory employee, authorized driver, and/or representative within the course and scope of the commercial transportation undertaking.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendant Kelleher and Defendant Hearn Trucking on Count I in an amount exceeding $25,000.00 that is fair and reasonable for her damages, together with her costs, prejudgment and post-judgment interest as allowed by law, and such other relief as the Court deems just and proper.

**COUNT II: NEGLIGENCE AGAINST DEFENDANT HEARN TRUCKING**

Plaintiff incorporates by reference paragraphs 1 through 45 as though fully set forth herein.

Electronically Filed - Jefferson - August 04, 2026 - 11:09 AM

46. In conducting interstate motor-carrier operations and in owning, leasing, supplying, dispatching, and controlling commercial motor vehicles, Hearn Trucking owed Plaintiff and the traveling public a duty to exercise reasonable care.

47. The allegations in this Count concerning Hearn Trucking's internal qualification, training, supervision, dispatch, safety, leasing, equipment, and maintenance practices are based upon information and belief and are specifically identified as matters likely to have evidentiary support after a reasonable opportunity for investigation and discovery because the relevant records and information are primarily within Defendants' possession, custody, or control.

48. Hearn Trucking breached its duties in one or more of the following respects:

a) Failing to use reasonable care in selecting, qualifying, instructing, training, supervising, monitoring, dispatching, and retaining Defendant Kelleher;

b) Failing to establish, communicate, and enforce adequate policies concerning lookout, mirror use, blind-spot management, lane changes, yielding, vehicle control, and collision recognition;

c) Requiring or permitting Defendant Kelleher to operate the tractor-trailer without adequate qualification, instruction, training, supervision, or monitoring;

d) Failing to ensure that the tractor-trailer's mirrors, visibility systems, and safety equipment were properly inspected, adjusted, and maintained;

e) Failing to coordinate and discharge the safety responsibilities of the motor carrier, dispatcher, and driver;

Electronically Filed - Jefferson - August 04, 2026 - 11:09 AM

f) Failing to require compliance with applicable Missouri motor-vehicle laws and Federal Motor Carrier Safety Regulations; and

g) In other respects shown by the evidence.

49. Hearn Trucking's negligence directly and proximately caused or contributed to cause the collision and Plaintiff's injuries and damages.

50. This Count is pleaded in the alternative and only to the extent supported by the evidence and not otherwise subsumed by an admission or determination of vicarious liability.

**WHEREFORE,** Plaintiff respectfully requests judgment against Hearn Trucking on Count II, in the alternative and as the evidence establishes, in an amount exceeding $25,000.00 that is fair and reasonable for her damages, together with her costs, prejudgment and post-judgment interest as allowed by law, and such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues so triable.

Electronically Filed - Jefferson - August 04, 2026 - 11:09 AM

Respectfully submitted,

**FLETCHER LAW OFFICE, LLC**

**/s/ Gage K. Fletcher**
**GAGE K. FLETCHER, #69079**
751 E. 63rd Street, Suite 430
Kansas City, Missouri 64110
Telephone: (816) 631-2868
Facsimile: (816) 569-9256
Email: Gage@FletcherLawUSA.com
**ATTORNEY FOR PLAINTIFF**

Electronically Filed - Jefferson - August 04, 2026 - 11:09 AM

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, MISSOURI**
**TWENTY-THIRD JUDICIAL CIRCUIT**

| | | |
|---|---|---|
| **TERESA M. WOOD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.** |
| | ) | |
| **v.** | ) | **Division** |
| | ) | |
| **ROBERT E. KELLEHER; and** | ) | |
| **HEARN TRUCKING, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**REQUEST FOR ISSUANCE OF SUMMONS**

Plaintiff Teresa M. Wood, by and through the undersigned counsel, requests that the Clerk of this Court issue summons pursuant to Rule 54.01 for service of the Petition for Damages upon each Defendant named below, and in support states as follows:

1. Plaintiff filed her Petition for Damages in this action on August 4, 2026.

2. Plaintiff requests that the Clerk issue a separate summons for each of the two Defendants identified below, together with a copy of the Petition for Damages, for service at the addresses stated.

3. Defendant Robert E. Kelleher is an individual who resides outside the State of Missouri. Plaintiff requests summons for personal service outside the state pursuant to Rule 54.14, to be served in the manner provided by Rule 54.13(b)(1).

| | |
|---|---|
| **Serve at:** | 5900 County Road 277, Apartment 428<br>Melissa, Texas 75454 |
| **Basis for jurisdiction:** | Section 506.500, RSMo (long-arm) |

Electronically Filed - Jefferson - August 04, 2026 - 11:09 AM

4. Defendant Hearn Trucking LLC is a foreign limited liability company. Plaintiff requests summons for personal service outside the state pursuant to Rule 54.14, to be served upon its registered agent in the manner provided by Rule 54.13(b)(3).

**Registered agent:** Jack M Hearn Jr
**Serve at:** 7600 IH 20 W.
Weatherford, TX 76088 USA

5. Because each Defendant is located outside the State of Missouri, Plaintiff requests that the summonses be issued for service by a person authorized by law to serve process in the State of Texas, or by a person appointed by this Court, as permitted by Rule 54.14(a).

6. Plaintiff further requests that, if this Court requires a separate order appointing a special process server, the Clerk so advise the undersigned, and Plaintiff will submit the appropriate motion and proposed order.

7. The information required for issuance of each summons is set forth in Attachment A.

**WHEREFORE,** Plaintiff respectfully requests that the Clerk issue summons for each Defendant identified above and in Attachment A, together with a copy of the Petition for Damages, and grant such other relief as is proper.

Electronically Filed - Jefferson - August 04, 2026 - 11:09 AM

Respectfully submitted,

**FLETCHER LAW OFFICE, LLC**

**/s/ Gage K. Fletcher**
**GAGE K. FLETCHER, #69079**
751 E. 63rd Street, Suite 430
Kansas City, Missouri 64110
Telephone: (816) 631-2868
Facsimile: (816) 569-9256
Email: Gage@FletcherLawUSA.com
**ATTORNEY FOR PLAINTIFF**

Electronically Filed - Jefferson - August 04, 2026 - 11:09 AM

## ATTACHMENT A

## SUMMONS INFORMATION SHEET

The following information is submitted for the Clerk's use in preparing and issuing the summons for each Defendant. Case caption: Teresa M. Wood v. Robert E. Kelleher, et al., Circuit Court of Jefferson County, Missouri, Twenty-Third Judicial Circuit, Case No. [____________________], Division [_________].

### SUMMONS NO. 1 — ROBERT E. KELLEHER

| | |
|---|---|
| **Party type** | Individual defendant |
| **Service address** | 5900 County Road 277, Apartment 428, Melissa, Texas 75454 (last known address per Missouri Uniform Crash Report No. 26-0347) |
| **Serve upon** | Robert E. Kelleher, personally |
| **Method requested** | Personal service outside the state — Rule 54.14; manner of Rule 54.13(b)(1) |
| **Documents to accompany** | Petition for Damages |
| **Plaintiff's attorney** | Gage K. Fletcher, #69079, Fletcher Law Office, LLC, 751 E. 63rd Street, Suite 430, Kansas City, Missouri 64110; (816) 631-2868 |

### SUMMONS NO. 2 — HEARN TRUCKING LLC

| | |
|---|---|
| **Party type** | Foreign limited liability company (Texas); USDOT No. 944902 |
| **Service address** | [REGISTERED AGENT ADDRESS — CONFIRM WITH TEXAS SOS] |
| **Serve upon** | [REGISTERED AGENT NAME], registered agent |
| **Method requested** | Personal service outside the state — Rule 54.14; manner of Rule 54.13(b)(3) |
| **Documents to accompany** | Petition for Damages |
| **Plaintiff's attorney** | Gage K. Fletcher, #69079, Fletcher Law Office, LLC, 751 E. 63rd Street, Suite 430, Kansas City, Missouri 64110; (816) 631-2868 |

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY**
**CIRCUIT DIVISION, STATE OF MISSOURI**

FILED
08/06/2026
MICHAEL E. REUTER
CLERK, CIRCUIT COURT
JEFFERSON COUNTY

**APPOINTMENT OF SPECIAL PROCESS SERVER**

Pursuant to RSMo 506.140, the requested individual(s) listed in Plaintiff's Motion for Special Process Server are appointed as Special Process Server(s) in this cause.

*Michael E. Reuter, Circuit Clerk*
*By:* S. PRICHARD
*Deputy Clerk*

# Summons in Civil Case

IN THE 23RD JUDICIAL CIRCUIT, JEFFERSON COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>EDWARD LOUIS PAGE | **Case Number: 26JE-CC00827** | |
| Plaintiff/Petitioner:<br>TERESA WOOD<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>GAGE KENNETH FLETCHER<br>751 E 63RD STREET<br>SUITE 430<br>KANSAS CITY, MO 64110 | |
| Defendant/Respondent:<br>HEARN TRUCKING, LLC | Court Address:<br>P O BOX 100<br>300 MAIN ST<br>HILLSBORO, MO 63050 | |
| Nature of Suit:<br>CC Pers Injury-Vehicular | | (Date File Stamp for Return) |

**The State of Missouri to:** **ROBERT KELLEHER**
**Alias:**
**5900 COUNTY ROAD 277**
**APARTMENT 428**
**MELISSA, TX 75454**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***

***JEFFERSON COUNTY***

06-AUG-2026
Date

MICHAEL E. REUTER, CIRCUIT CLERK BY: s/S. PRICHARD, DEPUTY CLERK
Clerk

**Further Information:**

**Officer's or Server's Return**

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ________________________________, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

____________________________________ (name) ________________________ (title).

☐ other: ________________________________________________________________.

Served at ____________________________________________________________ (address)

in ___________________________ (County/City of St. Louis), MO, on ________________ (date)

at ____________ (time).

____________________________________ ____________________________________

Printed Name of Officer or Server Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on ________________________ (date).

*(Seal)*

My commission expires: ________________ ________________________

Date Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

# Summons in Civil Case

IN THE 23RD JUDICIAL CIRCUIT, JEFFERSON COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>EDWARD LOUIS PAGE | **Case Number: 26JE-CC00827** | |
| Plaintiff/Petitioner:<br>TERESA WOOD<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>GAGE KENNETH FLETCHER<br>751 E 63RD STREET<br>SUITE 430<br>KANSAS CITY, MO 64110 | |
| Defendant/Respondent:<br>HEARN TRUCKING, LLC | Court Address:<br>P O BOX 100<br>300 MAIN ST<br>HILLSBORO, MO 63050 | |
| Nature of Suit:<br>CC Pers Injury-Vehicular | | (Date File Stamp for Return) |

**The State of Missouri to: HEARN TRUCKING, LLC**
**Alias:**
**7600 IH 20 W**
**WEATHERFORD, TX 76088**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***

***JEFFERSON COUNTY***

06-AUG-2026
Date

MICHAEL E. REUTER, CIRCUIT CLERK BY: s/S. PRICHARD, DEPUTY CLERK
Clerk

**Further Information:**



Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**Officer's or Server's Return**

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ______________________________, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

______________________________ (name) ______________________________ (title).

☐ other: ______________________________________________________________.

Served at ______________________________________________________________ (address)
in ______________________________ (County/City of St. Louis), MO, on __________________ (date)
at ____________ (time).

______________________________ ______________________________
Printed Name of Officer or Server Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on ____________________________ (date).

*(Seal)*

My commission expires: __________________ ____________________________
Date Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - JEFFERSON - August 31, 2026 - 09:50 AM

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, MISSOURI**
**TWENTY-THIRD JUDICIAL CIRCUIT**

| | | |
|---|---|---|
| TERESA M. WOOD, | ) | |
| | ) | Case No. 26JE-CC00827 |
| Plaintiff, | ) | |
| | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| | ) | |
| ROBERT E. KELLEHER; and | ) | |
| HEARN TRUCKING, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S CERTIFICATE OF SERVICE OF DISCOVERY**

Plaintiff Teresa M. Wood, by and through undersigned counsel, hereby certifies that on August 24, 2026, Plaintiff served the following discovery by electronic mail upon Kevin L. Fritz, counsel for Defendants Hearn Trucking, LLC and Robert E. Kelleher, at klfritz@lashlybaer.com:

1. Plaintiff's First Interrogatories to Defendant Hearn Trucking, LLC (First Set);
2. Plaintiff's First Requests for Production of Documents, Electronically Stored Information, and Inspection to Defendant Hearn Trucking, LLC (First Set);
3. Plaintiff's First Interrogatories to Defendant Robert E. Kelleher (First Set); and
4. Plaintiff's First Requests for Production of Documents, Electronically Stored Information, and Inspection to Defendant Robert E. Kelleher (First Set).

Each electronic copy was transmitted as a Microsoft Word (.docx) file attached to the email.

**FLETCHER LAW OFFICE, LLC**

Electronically Filed - JEFFERSON - August 31, 2026 - 09:50 AM

/s/ Gage K. Fletcher
**GAGE K. FLETCHER, #69079**
751 E. 63rd Street, Suite 430
Kansas City, Missouri 64110
Telephone: (816) 631-2868
Facsimile: (816) 569-9256
Email: Gage@FletcherLawUSA.com
**ATTORNEY FOR PLAINTIFF**